UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTONIO MENDEZ and EDUARDO
ROMERO,

                           Plaintiffs,

    -against-

CASA BLANCA FLOWERS, LTD. and
ALEJANDRO SAMS,

                          Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

12-cv-5786 (ENV) (JMA)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 27 2014 ★
BROOKLYN

VITALIANO, D.J.,

On January 21, 2014, the Court granted plaintiffs judgment against defendants and referred the matter to Magistrate Judge Joan M. Azrack for inquest to determine appropriate damages in a corresponding report and recommendation ("R&R"). On July 8, 2014, Judge Azrack, in her report following the inquest, recommended that plaintiffs be awarded a total of $20,707.04, representing: (1) $11,110.72 in actual and liquidated damages for plaintiff Antonio Mendez; (2) $5,058.42 in actual and liquidated damages for plaintiff Eduardo Romero; (3) $135.40 in prejudgment interest; (4) $3,897.50 in attorney's fees; and (5) $505 in costs, plus additional prejudgment interest as appropriate.

In reviewing the R&R of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge is required to "make a *de*

1

*novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made" by any party, Fed. R. Civ. P. 72(b), but where no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's R&R. *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Judge Azrack's R&R gave proper notice that any objection had to have been filed within 14 days of its receipt by defendants. Plaintiffs were directed by Judge Azrack to serve defendants with copies of the R&R. Plaintiffs have since submitted affidavits of service upon both defendants dated July 17, 2014. *See* (ECF Nos. 21, 22). Neither plaintiffs nor defendants have objected to Judge Azrack's R&R at all, much less within the time prescribed by 28 U.S.C. § 636(b)(1). In accord with the applicable clear error standard of review, the Court finds Judge Azrack's R&R to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts it in its entirety as the opinion of the Court.

## Conclusion

In line with the foregoing, plaintiffs are awarded, against both defendants, jointly and severally, a total of $20,707.04, plus prejudgment interest at the rate of 9% per year, to be computed from the date of the R&R through the date judgment

is entered.

The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
August 22, 2014

s/Eric N. Vitaliano

**ERIC N. VITALIANO**
**United States District Judge**